IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAM ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>A. ENENMOH, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-00173 LJO JLT<br><br>ORDER DENYING MOTION TO REMAND<br><br>(Doc. 4) |

Before the Court is Plaintiff's Motion to Remand the matter to the Kings County Superior Court. (Doc. 4). Defendant A. Enenmoh has requested the Court screen the matter, pursuant to 28 U.S.C. §1915A(a), and allow Defendant 30 days from the issuance of the screening order to respond to the Complaint. (Doc. 1, at 2, ¶5). Thus, Defendant Enenmoh has not yet answered the Complaint.[1] Defendant has, however, filed an Opposition to Plaintiff's Motion to Remand. After considering the moving papers, for the reasons set forth below, the motion to remand is **DENIED**.

I. <u>Background</u>

On December 14, 2011, Plaintiff initiated this litigation in the Kings County Superior Court. (Doc. 1). Plaintiff's initial pleading, entitled, "Petition for Declaratory Relief," (referred to herein at

---

[1] The Petition for Declaratory Relief Plaintiff filed in the Kings County Superior Court also lists Dr. G. Nyenke as a person who refused to provide Plaintiff with adequate medication. (Doc. 1, at 6, ¶3). However, G. Nyenke does not appear to have been served; therefore, G. Nyenke has not appeared or filed an Opposition to Plaintiff's Motion to Remand. (Doc. 1).

"Petition") asserts that two doctors who treat him at the California Substance Abuse Treatment Facility and State Prison ("SATF"), have refused to provide him with adequate pain medication or refer him to a pain specialist. (Doc. 1, at 6). The "Argument" section of Plaintiff's "Petition" sets forth various obligations and duties the physicians have under California statutory law, federal case law, and the Eighth Amendment to the Constitution. Plaintiff alleges that "[a]n actual controversy has arisen and now exists between Petitioner and Respondent relating to their respective Rights and Duties in that Petitioner contends that Respondents are denying him (continuity of care) [sic] adequate pain medication." (Doc. 1, at ¶23).

In Plaintiff's Motion to Remand and his Reply to Defendant Enenmoh's Opposition, he states that he did not intend, by reference to federal case law and the Eighth Amendment, to allege any violation of federal law. (Docs. 4 and 9). He merely seeks remedies under California law. (Docs. 4 and 9). Despite his assertions, Plaintiff's "Petition," on its face, appears to plead an Eighth Amendment claim under the 42 U.S.C. §1983 for inadequate medical care. Thus, as explained below, the removal was proper and the motion to remand is **DENIED**.

## II.  DISCUSSION

### A.  Removal of the action

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter that could have been filed in federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Title 28 U.S.C. § 1441(a) provides,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The party seeking removal bears the burden of proving its propriety. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683-85 (9th Cir. 2006). Removal statutes are strictly construed and any doubts are resolved in favor of state court jurisdiction and remand. See Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). The Court may remand an action to state court for lack of jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c).

Because federal courts are courts of limited jurisdiction, they are presumed to lack jurisdiction

unless the contrary is established. Gen. Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 968-69 (9th Cir. 1981). Under 28 USC § 1331, the Court has "original jurisdiction" for all actions arising under federal law. This statute reads, "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

### B. An Eighth Amendment Claim Related to Medical Care Arises under Federal, Not State, Law

Despite Plaintiff's intention to limit his claims to violations of California statutes, he refers to Defendant's obligations under the Eighth Amendment and seeks to vindicate his rights under 42 U.S.C. § 1983. Thus, the Court has original jurisdiction over such claims. Because the removal of the action was proper, the motion to remand is recommended to be **DENIED.**

### III. Conclusion

The Court concludes the removal was proper based upon the Court's original jurisdiction to adjudicate the Eighth Amendment claim under 42 U.S.C. §1983. Therefore, the Court hereby **ORDERS** that Plaintiff's motion to remand the matter is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 29, 2012**                              **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE