**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN WILLIAM ROBINSON,<br><br>        Plaintiff,<br><br>  v.<br><br>A. ENENMOH,<br><br>        Defendant. | Case No.: 1:12-cv-00173- LJO- JLT<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, originally filed in the Kings County Superior Court on December 14, 2011 and in this Court on February 6, 2012.

**I.    Screening Requirement**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

1

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-521 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. Id. The Court may grant

leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment.  Lopez, 203 F.3d at 1127-1128.

**IV.    The Complaint**

Plaintiff alleges that he has chronic foot pain and is in constant severe pain.  (Doc. 1 at 5)  He was diagnosed with an "inferior dislocation of the humerus" on February 9, 2007[1] and the chronic pain began on June 2, 2009.  Id. at 6. He has been prescribed Methadone since that time to address the pain.  Id.

Apparently at some point, Plaintiff's medication was changed to Trileptal.[2]  (Doc. 1 at 6)  On May 11, 2011, Plaintiff reported to his Primary Care Physician that the medication was not effective in relieving the pain.  Id.  On July 25, 2011, a doctor in Podiatry provided him an injection to address "heel spurs" and was given orthopedic shoes.  Id.  Plaintiff continues to suffer severe pain and complains that the Trileptal fails to address alleviate this pain.  Id.

**V.     DISCUSSION AND ANALYSIS**

**A.     42 U.S.C. § 1983 Claims**

Title  42, § 1983 of the United States Code provides a cause of action against

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . .

42 U.S.C. § 1983.  "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."  Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)).  It does not provide any substantive rights, but rather "authorizes a cause of action

---

[1] However, the attachment to the complaint demonstrates not that he was diagnosed with this condition but only that this was the "Impression" of the radiologist.  (Doc. 1 at 11)

[2] Notably, the attachment to Plaintiff's complaint demonstrates that the Trileptal was substituted for the Gabapentin which had been described to address—not heel spurs—but neuropathy experienced in his shoulder and feet. (Doc. 1 at 16-18) Likewise, rather than seeking to have the Methadone restored to Plaintiff, he sought to have the Gabapentin re-prescribed. Id. at 17. To the contrary, Plaintiff *affirmatively* denied that he sought to be prescribed Methadone. (Doc. 1 at 19)

3

based on the deprivation of civil rights guaranteed by other Acts of Congress." Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979).

A plaintiff stating a claim under § 1983 must allege facts showing he was deprived of a federal right by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). For a defendant to be liable under § 1983, a plaintiff must prove there is an affirmative link between the alleged deprivation and the resulting injury. *See* Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). An affirmative link exists when a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

### 1. Failure to link Defendants to any alleged constitutional violation

To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional injury." Johnson, 588 F. 2d at 743-744. There must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691-92 (1978); Rizzo, 423 U.S. at 370-71; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). The complaint must specifically allege how each named defendant is liable for the claimed deprivation.

However, Plaintiff fails to describe any wrongful action taken by any of the named Defendants. (Doc. 1 at 4-5) Though he alleges that Dr. G. Nyenke and Dr. A. Enenmoh refuse to refer Plaintiff to a pain specialist and refuse to provide him with adequate pain medication, these are mere conclusions. Despite that Plaintiff pleads other facts, he does not tie either doctor to these facts. For example, he claims that he was requested to be seen by the Pain Management Committee but fails to allege whether this request was denied and, if it was, who denied it.[3] Likewise, he claims that the Trileptal

---

[3] Notably, the attachment to the complaint demonstrates that on June 2, 2009, Plaintiff *was* referred to Pain Management though, apparently, this did not occur and his appeal to be referred to the Pain Management Committee was denied at the Director's Level. (Doc. 1 at 13, 17)

4

1  fails to alleviate his pain, but provides no factual allegation that he told either doctor this or, if he did,
2  what they did in response.

### A. Eighth Amendment – Inadequate Medical Care

To state a claim for the violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, Plaintiff must demonstrate: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059-1060 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096. Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Nevertheless, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). A difference in opinion between a physician and his patient over the best course of treatment is also insufficient to demonstrate deliberate indifference. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

In this case, Plaintiff has alleged sufficient facts to demonstrate that he suffered a serious medical need. However, he does not allege any facts to support his conclusion anyone in particular caused him harm. Once again, to state a claim, however, § 1983 requires that there be an actual causal

5

1 link between the actions of the named defendants and the alleged constitutional deprivation. See
2 Monell, 436 U.S. at 691-692 (1978); Rizzo, 423 U.S. at 370-71; May v. Enomoto, 633 F.2d 164, 167
3 (9th Cir. 1980). Plaintiff must allege *facts* showing each named defendant either exhibited some sort
4 of "direct personal participation in the deprivation" or "set[] in motion a series of acts by others which
5 the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional
6 injury." Johnson, 588 F. 2d at 743-44. The complaint must specifically allege how each named
7 defendant is liable for the claimed deprivation. Thus, the complaint must be **DISMISSED**.

8       On the other hand, a difference of opinion between medical personnel regarding an inmate's
9 treatment does not demonstrate an Eighth Amendment violation. Sanchez v. Vild, 891 F.2d 240, 242
10 (9th Cir. 1989); see also Jackson, 90 F.3d at 332; Estelle, 429 U.S. at 107; Chavez v. Yates, 2011 U.S.
11 Dist. LEXIS 35411 at *10 (E.D. Cal. Apr. 1, 2011) ("Neither Plaintiff's difference of opinion with
12 medical staff, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), nor a disagreement between
13 medical professionals over treatment, is sufficient to support a claim under section 1983, Sanchez v.
14 Vild, 891 F.2d 240, 242 (9th Cir. 1989).") In addition, "[a] difference of opinion between a prisoner-
15 patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."
16 Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); accord Hood v. Prisoner Health Services,
17 Inc., 180 F. App'x 21, 25 (10th Cir. 2006) "Although plaintiff may not care for the treatment
18 decisions made by prison staff, his disagreement with the medical care provided is insufficient to state
19 a cognizable constitutional claim for seeking relief under § 1983." To state a claim, Plaintiff "must
20 show that the course of treatment the doctors chose was medically unacceptable under the
21 circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to
22 plaintiff's health." Jackson, 90 F.3d at 332 (internal citations omitted).

23       Here, Plaintiff alleges that the medication prescribed was insufficient and concludes, therefore,
24 that the medical treatment was a violation of the Eighth Amendment. Likewise, he asserts that
25 because he was not reviewed by the Pain Management Committee that his constitutional rights have
26 been violation also. However, based upon the authorities cited above, this is simply not the case.
27 Therefore, for the reasons stated, the complaint must be **DISMISSED**.
28 ///

**B.     Claims based upon state law**

As set forth above, a violation of state law or regulation will not give rise to a claim under 42 U.S.C. § 1983. Gonzaga University v. Doe, 536 U.S. 273, 283 (2002). However, Plaintiff seeks to impose liability under state statutes or regulations. Nevertheless, none cited may give rise to liability.

Under California Business and Professions Code § 725, a health care professional is guilty of a misdemeanor if he excessively orders medication, treatments or procedures. Cal. Bus. Prof. 725 (a). However, the medical professional cannot be found guilty of this offense if he has a medical basis for the action, including treating intractable pain. Cal. Bus. Prof. 725 (c), (d); See also Cal. Bus. Prof. 2241.5.

Nevertheless, a private right of action under a criminal statute is only rarely implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" Id. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). The Court has reviewed the California Business and Professional Code sections at issue and Title 15, California Code of Regulations § 3350(a) and finds there is no language in either statute or the regulation suggesting that civil enforcement of any kind is available to Plaintiff. Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-1470 (9th Cir. 1984); also Gonzaga University v. Doe, 536 U.S. 273, 283-286 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); Vega v. Yates, 2011 U.S. Dist. LEXIS 29033 at *6 (E.D. Cal. Mar. 3, 2011) (no private right of action under 15 C.C.R. § 3350(a)); Chappell v. Newbarth, 2009 U.S. Dist. LEXIS 41499 at *24-25(E.D. Cal. Apr. 30, 2009) (same). Accordingly, the Court finds that Plaintiff's state law claims must be **DISMISSED**.[4]

---

[4] In addition, the California Tort Claims Act prohibits a plaintiff suing a public employee on a state law claim unless he has presented a written claim within six months of accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Thus, to plead a state law claim, Plaintiff must allege facts demonstrating that he complied with the Act or the claims must be dismissed. State of California

**VI.    Leave to Amend**

The Court will provide Plaintiff one opportunity to file a first amended complaint to cure the deficiencies noted in this order.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files an amended complaint, his original pleadings are superseded and no longer serve any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the first amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

**IV.    CONCLUSION**

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is **DISMISSED**;
2. Plaintiff is granted 21 days from the date of service of this order to file his first amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the first amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

///
///
///
///

---

v. Superior Court (Bodde), 32 Cal.4th 1234, 1243-44 (2004).  Plaintiff has failed to address the Act in his complaint and, therefore, the state law claims are **DISMISSED**.

4. **<u>Plaintiff is firmly cautioned that failure to comply with this order will result in a recommendation that this action be dismissed.</u>**

IT IS SO ORDERED.

Dated: **April 9, 2012**                    /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE