UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. ENENMOH,<br><br>　　　　　Defendant. | Case No.: 1:12-cv-00173 – LJO – JLT<br><br>ORDER REMANDING ACTION TO KINGS COUNTY SUPERIOR COURT<br><br>(Doc. 17). |

　　　　Plaintiff John Robinson ("Plaintiff") is a prisoner proceeding *pro se* in a civil suit seeking declaratory relief against the Defendant A. Enenmoh ("Defendant") for alleged violations of the laws of the State of California. (Doc. 17).  Originally, Defendant removed the action from the Kings County Superior Court on February 6, 2012, as the complaint contained a 42 U.S.C. § 1983 action for an alleged violation of the Eighth Amendment. (Doc. 1).  On March 29, 2012, the Court denied Plaintiff's motion to remand based because the original complaint contained the 42 U.S.C. § 1983 cause of action which provided the Court with federal jurisdiction. (Doc. 10).  The Court, however, in its order dated April 9, 2012, dismissed the original complaint, but granted Plaintiff leave to amend his complaint. (Doc. 11).  Pending before the Court is the Court's review of Plaintiff's first amended complaint filed on April 17, 2012. (Doc. 17).

1

28 U.S.C. § 1447(c) requires the Court to remand a case to the state court any time prior to the issuance of a final judgment if it appears that the Court lacks subject matter jurisdiction over a matter. Furthermore, the Court has a "duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004)(emphasis added).  Pursuant to 28 U.S.C. § 1331, federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

As 42 U.S.C § 1983 "authorizes a cause of action based on the deprivation of civil rights guaranteed by other Acts of Congress," Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979), actions brought under 42 U.S.C § 1983 are matters subject to federal jurisdiction. *See generally,* 42 U.S.C. § 1983 *et seq.*  However, violations of state law or regulation will not give rise to a claim under 42 U.S.C. § 1983. Gonzaga University v. Doe, 536 U.S. 273, 283 (2002).  Therefore, where the basis of federal subject matter jurisdiction is removed from a matter prior to trial, the Court should not exercise supplemental jurisdiction over the state law claims remaining in the case. *See* United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

The Court notes Plaintiff provides no references to federal law or the United States Constitution in his first amended complaint. [1] *Compare* (Doc. 17) *with* (Doc. 1).  Rather, in his first amended complaint, Plaintiff explicitly seeks declaratory relief pursuant to 15 C.C.R. § 3350(a) and the "community standard of care by law" for Defendant's failure to supply him with sufficient pain medication. (Doc. 17 at 4, ¶ 6, 8 and 23).  Plaintiff affirmatively complains Defendants acted with "negligence" (Id. at ¶ 12) and have failed to exercise "ordinary . . . due care" (Id. at ¶ 17) and his complaint specifically references state law (Id. at ¶¶ 18-19).  Moreover, Plaintiff's reference to 15 C.C.R. § 3350(a) and the "community standard of care" trigger state – not federal – law.  (Id. at ¶ 21) As noted above, the Court has no supplemental jurisdiction over state matters where the basis of federal subject matter jurisdiction is removed from a case.  Therefore, the Court lacks subject matter

---

[1] Plaintiff has attached a boilerplate amended complaint form to his complaint to show that he has exhausted his administrative remedies. (Doc. 17 at 5). The Court does not find that Plaintiff's attempts to resolve the matter by using the prison's grievance procedures implicates this Court's jurisdiction.

jurisdiction over this action and it shall therefore be **REMANDED** to the Kings County Superior Court.

**ORDER**

For the above stated reasons, the Court **hereby ORDERS** as follows:

1. That this matter is **REMANDED** to the **KINGS COUNTY SUPERIOR COURT**;
2. The Clerk of Court **is DIRECTED** to close this matter, because this Order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **April 3, 2013**              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE